# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00424-CV

---

### NCWPCS MPL 23-Year Sites Tower Holding, LLC, Appellant

### v.

### Austin Independent School District, Appellee

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-002624, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment rendered by the district court of Travis County in a case involving the application of a right-of-first-refusal provision in a real-estate lease. Appellant is NCWPCS MPL 23-Year Sites Tower Holding, LLC (NCWPCS), and appellee is Austin Independent School District (AISD).

In 1991, NCWPCS's predecessor-in-interest leased a 75-foot by 75-foot plot of land within a 40-acre tract from Glenda Akin (Akin) for the purpose of constructing a cell tower (the Cell Tower Plot). The lease provided for a first right of refusal in favor of the lessee in case of an offer to purchase the property subject to the lease:

> 15. <u>Right of First Refusal.</u> During the term of this lease, as extended, Landlord shall, prior to selling the Premises or any portion thereof, notify Tenant in writing of the sale price and third-party offer. Tenant shall have the right of first refusal to purchase the Premises or the portion to be sold, *on the same terms and conditions* (or cash-equivalent terms, if a property exchange is proposed) by giving Landlord notice of its intention to purchase the same within 30 days of receipt

of Landlord's notice.  If Tenant gives no such notice of intention to purchase the Premises, Landlord may sell the Premises to the third party on the stated terms and price, as long as such sale closes within six (6) months of the date of the third party's offer.

(Emphasis supplied.)

Effective April 11, 2017, AISD and Akin signed a contract in which AISD agreed to buy the 40 acres, which included the Cell Tower Plot.  On the next day, Akin wrote NCWPCS informing it of the AISD purchase contract.  On April 24, NCWPCS notified Akin that it intended to exercise its right of first refusal to buy the Cell Tower Plot on the same terms and conditions as in the AISD purchase contract.  On May 7, NCWPCS sent Akin proposed documents to acquire the Cell Tower Plot.  Specifically, NCWPCS sent Akins a draft of a perpetual grant of easement for the Cell Tower Plot along with an assignment of Akin's interest in the Cell Tower Lease.  Later, NCWPCS also informed Akin that she would "be required" to plat and subdivide the property as a condition of closing.

Akin's position, however, was that the AISD purchase contract required neither of these terms or conditions, but rather the contract only required her to convey the property by a special warranty deed with an "AS IS" clause, as set out in the form of deed attached to the contract.

Akin and AISD closed the sale on July 12, 2017.  AISD paid the full price for the entire property called for in the AISD purchase agreement.  However, since neither AISD nor Akin knew at the time of closing whether NCWPCS would go through with the purchase of the Cell Tower Plot, they agreed to exclude it from the deed.  On the same day they signed an agreement (the Contingency Agreement) that described the rights and obligations of the parties when it was finally determined whether NCWPCS would consummate the purchase.  Akin

2

provided NCWPCS with advance notice of the AISD closing and the exclusion of the Cell Tower Plot from Akin's conveyance. Thereafter, there was continued email correspondence between NCWPCS and Akin in which NCWPCS attempted, unsuccessfully, to persuade Akin to change the terms of the sale of the Cell Tower Plot.

On December 18, 2017, months after the deadline had passed for closing on NCWPCS's purchase of the Cell Tower Plot, Akin informed NCWPCS that it was in default under the terms of the right of first refusal due to NCWPCS's failure to timely consummate the purchase under the same terms and conditions set out in the AISD purchase agreement, and that Akin would be conveying title to the Cell Tower Plot to AISD. Pursuant to the Contingency Agreement, however, title to the Cell Tower Plot remained in Akin pending resolution of AISD's and NCWPCS's competing claims to that property.

NCWPCS sued Akin for breach of contract, alternatively for specific performance, and for declaratory relief. Akin answered and filed a counter-petition and third-party action against AISD. AISD answered requesting declaratory relief.

AISD filed a motion for summary judgment asserting that it was entitled to receive conveyance of the Cell Tower Plot because NCWPCS had failed to properly and timely consummate the purchase of the Cell Tower Plot after exercising its right of first refusal and that the right of refusal had expired.

NCWPCS responded, arguing, in the main, that AISD's and Akin's Contingency Agreement constituted a new "offer" to buy the Cell Tower Plot, which in turn, restarted a second first right of refusal under the Cell Tower Lease.

Upon hearing, the district court granted AISD's motion for summary judgment. We will affirm the summary judgment.

Under section 15 of the Cell Tower Lease, NCWPCS only had the right to buy the Cell Tower Plot on the "same terms and conditions" as those offered under the AISD purchase agreement. The AISD purchase agreement required Akin to convey the property by special warranty deed with an "AS-IS" clause. But NCWPCS's documents served on Akin would require her to sign a deed granting a perpetual easement for the Cell Tower Plot along with an assignment of Akin's interest in the lease. Also, NCWPCS later demanded that Akin plat and subdivide the property as a condition of closing on the sale of the Cell Tower Plot. It is plain that NCWPCS's offer to purchase the Cell Tower Plot failed to satisfy the requirements of section 15—it did not have the "same terms and conditions" of the AISD purchase contract.

And contrary to NCWPCS's argument, the Contingency Agreement did not restart its right of first refusal because that Agreement was not an offer to purchase the Cell Tower Plot. Rather, the Contingency Agreement recognized that the Cell Tower Plot was part of the offer made under the AISD purchase agreement and specified how it would be treated depending on whether NCWPCS closed on a purchase of the Cell Tower Plot under its right of first refusal. More specifically, the Contingency Agreement recites that the Cell Tower Plot was excluded from the conveyance of the other 40 acres and provides that

(1) In the event that NCWPCS's right of first refusal closes, then Akin will remit the resulting consideration to AISD, and

(2) In the event NCWPCS's right of first refusal fails to close, then Akin will convey the Cell Tower Plot to AISD without any additional consideration.

The summary judgment is affirmed.

_____

Bob E. Shannon, Justice

Before Justices Triana, Smith, and Shannon*

Affirmed

Filed:   February 28, 2020

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).